**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4971**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SERGIO REYNOSA-ATISUEGO, a/k/a Sergio Reynosa-Ariseaga,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Greenville.  Louise W. Flanagan, Chief District Judge.  (4:08-cr-00046-FL-1)

Submitted:  April 7, 2010          Decided:  April 27, 2010

Before WILKINSON, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sergio Reynosa-Atisuego pled guilty without a plea agreement to unlawful reentry by a previously deported felon, 8 U.S.C. § 1326(a), (b)(2) (2006), and was sentenced to forty-six months in prison. He now appeals his sentence. We affirm.

Reynosa-Atisuego contends that his sentence is unreasonable. We review a sentence for reasonableness, applying an abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In conducting our review, we first examine the sentence for "significant procedural error," including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [2006] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence. . . ." Id. We next "consider the substantive reasonableness of the sentence imposed . . . , [taking] into account the totality of the circumstances." Id. In imposing sentence, the district court must provide an "individualized assessment" based upon the specific facts before it. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009).

Here, the district court followed the necessary procedural steps in sentencing Reynosa-Atisuego, correctly calculating the advisory Guidelines range, performing an individualized assessment of the § 3553(a) factors as they

2

applied to the facts of the case, and stating in open court the reasons for the sentence.

We presume that the sentence, which falls within the advisory Guidelines range, is reasonable. See United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We note that the district court expressed its reasons for denying Reynosa-Atisuego's motion for a sentence below the advisory Guidelines range. The court stated that the nature of the offense, the need to deter such conduct, and the need to promote respect for the law warranted a sentence at the low end of, rather than below, that range. We conclude that the sentence is procedurally and substantively reasonable and that the district court did not abuse its discretion in imposing a forty-six-month sentence.

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED